OPINION OF THE COURT
Robert P. Kennedy, J.
Defendant Taylor, indicted for murder, second degree, *378 moved for suppression of statements allegedly made by him and other evidence.
In separate opinions, all matters with the exception of two statements have been dealt with. Here I am dealing only with statements allegedly made during the course of a polygraphic examination and during the pre-examination interview leading up to the test itself. Defendant claims that "due process would dictate the inadmissibility of a pre-polygraph questions and answers. The Courts of this State have never recognized the admissibility of polygraph test results or polygraph questions and answers”.
It is true, as defendant claims, that the results of such tests are inadmissible (Pereira v Pereira, 35 NY2d 301; People v Leone, 25 NY2d 511), but I have been unable to find any authority in this State dealing with admissibility of the questions asked and answers given during the test and defendant submits none.
The resolution of the question depends on what is meant by the courts when they hold that the "results” of the test are inadmissible. Are they excluding from evidence all that takes place during the test or the conclusions as to whether or not the defendant was truthful? I opt for the latter interpretation. In People v Smith (61 AD2d 91), a prosecution witness testified that she had taken a polygraph examination and that showed she was telling the truth. The majority of the court said that it was well settled that the "results” of such tests are inadmissible but found the error to be harmless.
The whole tenor of Judge Witmer’s decision in Pereira (supra) dealing with this aspect of the case indicates that the court there treated the "result” as being the finding of truth or falsity. Citing Leone (supra) he spoke of " 'the criterion for interpretation of the test chart’ ” and that it cannot " 'be said that the examiner’s opinion demonstrates reasonable certainty as to the accuracy of the polygraph tests in most instances’ ” (Pereira v Pereira, 35 NY2d 301, 307, supra).
Along the same line is language in People v Daley (54 AD2d 1007, 1009), where defendant testified that he had volunteered to take a. "lie-detector” or polygraph test. The court said, "He failed to state the result, thereby creating an inference that he had passed” (emphasis added). The Daley court, in referring to People v McCain (42 AD2d 866), which held that the People had a limited right to rebut the favorable inference created by defendant’s testimony that he had voluntarily *379 submitted to a polygraph test, said (p 1009), "However, since the expert was not permitted to give evidence as to the test result, we need not herein determine if the People’s right of rebuttal should include the opinion evidence of the expert that the defendant had failed the test” (emphasis added).
The issues presented here have been faced and answered in other jurisdictions. The Supreme Court of Kansas in State v Blosser (221 Kan 59) dealt with the identical issues, i.e., what constitutes the "results” of a polygraph examination and the admissibility of statements made during the course of such examination as well as those made during the pre-examinatian questioning by the examiner. The court there said (p 61), "Here we are not concerned with the results of a polygraph examination — the examiner’s opinion based upon his interpretation of the data shown by the machine — but rather with oral statements made by the examinee during the course of the examination.” In speaking of the tests the court stated, (p 61), " Such admissions and confessions, if otherwise competent, have generally been admitted, and no reason now appears why they should not be admitted* * * Other courts have dealt with the issue and with a single exception have held that admissions made by an accused during the course of a polygraph examination are admissible where found to be voluntarily made.” (Emphasis in original.) The court then cited cases in favor of this holding from California, Florida, Maryland, Oregon, Pennsylvania, Virginia and Wisconsin. The court went on to say (p 62), "Logic supports the majority rule. The results of a polygraph examination are excluded because of their unreliability. Voluntary statements by an accused are not so regarded. Their reliability does not depend on the validity of the polygraph test or the operator’s skill in conducting the test or interpreting its results” (emphasis added).
In view of the foregoing, I hold that the word "result” as used in Pereira v Pereira (35 NY2d 301, supra) and People v Leone (25 NY2d 511, supra) refers to the findings as to. truth or falsity and does not encompass statements made during the pretest interview or during the polygraph examination itself.
I have found, for the reasons stated in a separate opinion, that at the time defendant was interviewed by the polygraph operator, he was not in custody, that he had been fully advised of his rights and had made a knowing and intelligent waiver thereof and that the statements made by him were completely voluntary on his part. In regard to the last finding, *380 I further find that the use of the polygraphic examination was in no manner coercive (People v Leonard, 59 AD2d 1).
Defendant’s motion to suppress statements made by defendant during pre-examination interview and the polygraph examination itself is denied.